RECEIVED
7/26/04
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PEDRO A. GONZALEZ,

              - against -      Plaintiff,

THE CITY OF HOBOKEN,
ESTHER SUAREZ,

                         Defendants.

Docket # 04-3556 (WJM)

**COMPLAINT**

**Plaintiff Demands
a Trial by Jury**

## COMPLAINT

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331.

### PARTIES

1. Pedro A. Gonzalez, ("Gonzalez") is a resident of the county of Hudson, state of New Jersey and the United States of America.

2. Defendant City of Hoboken ("Hoboken") is a municipal corporation, organized and existing under the laws of the State of New Jersey.

3. Defendant Esther Suarez ("Suarez") is an attorney formerly employed by Hoboken as corporate counsel.

4. Gonzalez sues Suarez in her individual capacity.

5. Suarez, at all times referred to herein acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and Hoboken.

6. Gonzalez executed a medical records authorization (the "authorization") on October 15, 2001. See Exhibit "A".

7. The authorization permitted the United States Veteran's Administration, ("the "VA") its representatives and/or physicians to release Gonzalez's medical records dating from April 26, 2001 to September 5, 2001 exclusively to Vincent LaPaglia ("LaPaglia") and Angelo Caprio, ("Caprio").

8. As set forth as part of the authorization the purpose in forwarding Gonzalez's medical records to LaPaglia and Caprio was to confirm that Gonzalez had been ill and treated at the VA.

9. As set forth as part of the authorization, LaPaglia and Caprio's review of Gonzalez's medical records was supposed to assist said individuals in determining if Gonzalez was fit to return to work.

9. As set forth as part of the authorization, Gonzalez's consent to the release of his medical records expired once Messrs. LaPaglia and Caprio received Gonzalez's medical records.

11. The authorization sets forth the following: "This information has been disclosed to you from records whose confidentiality is protacted [sic] by federal law. Federal Regulation (42 CFR – Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A General Authorization for the release of medical or other information is **not** sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient." See Exhibit "**A**".

12. Caprio, upon information and belief, in contravention of the authorization executed by Gonzalez forwarded Gonzalez's medical records to Hoboken's corporate counsel Suarez.

13. Suarez was not authorized to review Gonzalez's medical records.

14. Suarez, subsequent to receiving Gonzalez's medical records conferred with John Cassesa ("Cassesa"), Chief of Hoboken's fire department regarding medical information Suarez became aware of as a result of Suarez's illegal review of Gonzalez's medical records.

15. Suarez, subsequent to her review of Gonzalez's medical records informed Cassesa that her review of Gonzalez's medical records lead Suarez to opine that reasonable suspicion existed that Gonzalez was ingesting illegal drugs while employed as a fireman by Hoboken thereby making it appropriate for Cassesa to order Gonzalez to submit to a drug test.

16. Gonzalez was subjected to a drug test.

17. Gonzalez tested positive for cocaine metabolites.

18. An administrative hearing was conducted wherein Gonzalez was accused of testing positive for ingesting illegal drugs.

19. Gonzalez was terminated from his job as a firefighter employed by Hoboken subsequent to the administrative judge's determination.

20. Gonzalez appealed his termination.

21. The appeal is being adjudicated.

## COUNT I

Gonzalez, for his cause of action against Hoboken and Suarez states:

22. By this reference Gonzalez incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. As a direct and proximate result of Suarez's unlawful and malicious review of Gonzalez's medical records committed under color of law and under her authority as Hoboken's corporate counsel, Gonzalez suffered grievous harm and was deprived of his constitutional right to

Dated: New York, New York
July 13, 2004

          Yours, etc.,

          LAW OFFICES OF STEVE NEWMAN
          Attorneys for Plaintiff
          65 Broadway, Suite 825
          New York, NY 10006
          (732) 294-4791

          By _____
              Steve Newman (SN8351)

Exhibit A

# RECORDS RELEASE AUTHORIZATION

CIV 04 3556 (WJM)

I, Pedro A. Gonzalez (NAME OF PATIENT/CLIENT), hereby give permission to The United States Veteran's Administration, its representatives and/or physicians (NAME OF AGENCY WHICH IS TO MAKE THE DISCLOSURE) to release from my files the following information:

All medical records of treatment, Pedro A. Gonzalez from 4/26/01 to 5/5/01. Also see attached sheet. (EXTENT OR NATURE OF INFORMATION TO BE DISCLOSED)

This information is to be released to Vincent Laffia, Esq., 86 Hudson St, Hoboken NJ and Angelo Caprio, MD 331 Grand St, Hoboken NJ 07030 (NAME OR TITLE OF PERSON OR ORGANIZATION TO WHICH THE DISCLOSURE IS TO BE MADE)

The purpose or need for such disclosure is: Confirmation of illness for employer and fitness to return to work.

This information may be given: Once to each of above — Vincent Laffia, Esq. and Dr. Angelo Caprio (INDICATE FREQUENCY)

This consent is subject to revocation at any time except to the extent that action has been taken in reliance thereon, and will otherwise expire on:

Once documents have been received (DATE, EVENT, OR CONDITION)

This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulation (42 CFR - Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A General Authorization for the release of medical or other Information is *not* sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

| SIGNATURE OF PATIENT OR PERSON AUTHORIZED BY LAW TO GIVE CONSENT | DATE |
|---|---|
| Pedro A. Gonzalez | 10/15/2001 |

T&R-11
Revised 1/97