

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

# LETTER OPINION

John J. Kane, Esq.
Martin, Kane & Kuper
1368 How Lane
P.O. Box 6022
North Brunswick, NJ 08902
*Attorneys for Defendant City of Hoboken*

Christopher J. Killmurray, Esq.
Hoagland, Longo, Moran, Dunst & Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903
*Attorneys for Defendant Esther Suarez*

Steve Newman, Esq.
Law Offices of Steve Newman
65 Broadway
Suite 825
New York, NY 10006
*Attorneys for Plaintiff*

**Re:   Gonzalez v. City of Hoboken, et als.**
       **Docket No. 04-CV-3556 (WJM)**

Dear Counsel:

      This matter is before the Court on defendants' motion to dismiss.  For the reasons stated below, this motion is **DENIED**.

      Plaintiff Pedro Gonzalez brought this action alleging the unauthorized use of confidential medical records by defendants.  Plaintiff executed a medical records release authorization form permitting the release of certain medical records exclusively to Dr. Angelo Caprio and attorney

Vincent LaPaglia.[1]  (Complaint at ¶¶ 6, 7, Exhibit A.)  The purpose of this release was to confirm that plaintiff was treated for substance abuse at the Veterans Administration Hospital, and to allow LaPaglia and Caprio to determine if plaintiff was fit to return to work.  (*Id.* at ¶¶ 8, 9.)  The release specifically noted that the information being released was confidential and that further disclosure without written consent was a violation of federal law.  (*Id.* at ¶ 9.)  Plaintiff claims that Caprio then forwarded these medical records to defendant Esther Suarez, who is corporate counsel for defendant City of Hoboken.  (*Id.* at ¶ 12.)

Although Suarez was not authorized to review plaintiff's medical records, she reviewed the records and conferred with John Cassesa, Chief of Hoboken's Fire Department.  (*Id.* at ¶¶ 13, 14.)  Suarez informed Cassesa of her suspicions that plaintiff had taken illegal drugs while employed by the fire department, and felt that Cassesa should order plaintiff to submit to a drug test.  (*Id.* at ¶ 15.)  Plaintiff did submit to a drug test, and tested positive for cocaine metabolites.  (*Id.* at ¶¶ 16, 17.)  A hearing was held, at which an administrative judge concluded that plaintiff had taken illegal drugs.  (*Id.* at ¶ 18.)  Plaintiff was subsequently terminated from his job with the Hoboken Fire Department.  (*Id.* at ¶ 19.)

Plaintiff then filed this suit against defendants Suarez and the City of Hoboken under 42 U.S.C. § 1983, claiming his Fourth Amendment right to be free from unreasonable searches and seizures was violated as a result of Suarez's unauthorized use of plaintiff's medical records.  Defendant City of Hoboken filed this motion, arguing that plaintiff brought this matter pursuant to 42 U.S.C. § 290dd-2, a criminal statute that does not provide for a private cause of action.  (Def.'s Reply Br. at 9.)  Defendant Suarez joins Hoboken's argument in the instant motion.  (*See* Letter from Killmurray to Walsh of 4/8/05, at 1; Letter from Killmurray to Judge Hedges of 5/17/05, at 1.)

### A.  Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

---

[1] This Court has not been apprised of the relationship between these individuals and the City of Hoboken.

### B. Analysis

The crux of defendants' motion is that the disclosure of confidential substance abuse medical records without consent is a violation of 42 U.S.C. § 290dd-2, for which there is no private cause of action. (Def.'s Reply Br. at 9.) *See, e.g., Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000); *Ellison v. Cocke County*, 63 F.3d 467, 469 (6th Cir. 1995) (both holding that there is no private cause of action under § 290dd-2). Defendants maintain that "the instant matter is regulated and preempted by federal statute, which bars [plaintiff's] private claim." (Def.'s Reply Br. at 2.)

Defendants' argument in their motion to dismiss is inapposite to the claim advanced by plaintiff in this case. Despite their assertion that plaintiff "primarily relies on the provisions of 42 C.F.R. § 2.12," which incorporates § 290dd-2, plaintiff is not bringing this cause of action pursuant to § 290dd-2 or § 2.12. Rather, plaintiff has asserted a violation of his Fourth Amendment guarantee against an unreasonable search and seizure of his medical records pursuant to § 1983. As seen in the cases cited by defendants in support of their motion, Fourth Amendment claims have accompanied § 290dd-2 claims. *See Doe*, 225 F.3d at 440; *Briand v. Lavigne*, 223 F. Supp. 2d 241, 254 (D. Me. 2002).

The Fourth Amendment, as incorporated by the Fourteenth Amendment, applies to state officials. *Karnes v. Skrutski*, 62 F.3d 485, 488 n.1 (3d Cir. 1995) (citations omitted). Further, searches and seizures by public employers are subject to the restraints of the Fourth Amendment. *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987). "The protections of the Fourth Amendment are triggered when an individual seeking refuge under [it] 'has a legitimate expectation of privacy in the invaded place' or the item seized." *Doe,* 225 F.3d at 450 (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). It has been determined that the Fourth Amendment protects a legitimate privacy interest in substance abuse records. *See Doe*, 225 F.3d at 451.

Thus, plaintiff's Fourth Amendment claim is distinct and independent from a § 290dd-2 claim. Section 290dd-2 may be tangentially relevant to this inquiry, but only to demonstrate that plaintiff has a subjective expectation of privacy in his records. *See Doe*, 225 F.3d at 450 (citations omitted). Therefore, this Court denies defendants' motion to dismiss.

### C. Conclusion

Although there may have been a violation of § 290dd-2 in this case, plaintiff's argument rests solely on a Fourth Amendment violation brought pursuant to § 1983. The existence of § 290dd-2 does not preempt plaintiff from making a distinct and independent Constitutional claim. Accordingly, the motion to dismiss is **DENIED**. A separate order will be entered consistent with this letter opinion.

**Dated:** 6/30/05                                                                                    s/William J. Martini

                                                                                                                 _____
                                                                                                                 **WILLIAM J. MARTINI, U.S.D.J.**